ROBERT E. ATKINSON, ESQ., Bar No. 9958
Email: robert@nv-lawfirm.com
ROBERT E. OPDYKE, ESQ., Bar No. 12841
**ATKINSON LAW ASSOCIATES P.C.**
8965 S Eastern Ave, Suite 260
Las Vegas, NV 89123
Telephone:  (702) 614-0600
Facsimile:  (702) 614-0647
*Attorney for Joseph B. Atkins, Trustee*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| *In re:*<br><br>ASPEN FINANCIAL SERVICES, LLC;<br><br>Debtor. | Case No.  13-15546-mkn<br>Chapter 7 |
| JOSEPH ATKINS, Trustee;<br><br>Plaintiff,<br><br>v.<br><br>OMEGA DEVELOPMENT SECOND IRREVOCABLE BUSINESS TRUST; CENTENNIAL LAMB SECOND IRREVOCABLE BUSINESS TRUST I; and CENTENNIAL LAMB SECOND IRREVOCABLE BUSINESS TRUST II;<br><br>Defendants. | **ADVERSARY COMPLAINT** |

JOSEPH ATKINS, in his capacity as Chapter 7 Trustee ("*Trustee*") for the bankruptcy estate of ASPEN FINANCIAL SERVICES, LLC ("*Debtor*" or "*Aspen*"), by and through counsel, respectfully submits this adversary complaint against the Defendants and alleges as follows:

///

-1-

**JURISDICTION and VENUE**

1. This adversary proceeding arises out of (and is related to) the voluntary chapter 7 case *In re*: ASPEN FINANCIAL SERVICES, LLC, case no. 13-15546-mkn (the "*Bankruptcy Case*"). This proceeding is brought pursuant to Federal Rule of Bankruptcy Procedure 7001.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (O), because, *inter alia*, this Complaint is brought directly in the course of administration of the assets of the estate (specifically, reducing to money the estate's claims against third parties), and because this case is a proceeding affecting the liquidation of the assets of the estate.

4. If this adversary is determined to be noncore, Trustee consents to the entry of final orders or judgments by the bankruptcy judge.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

**PARTIES**

6. JOSEPH ATKINS is the duly appointed trustee in the above-captioned chapter 7 bankruptcy case. The Trustee is authorized to bring this action pursuant to his duties as trustee under § 704 of the Bankruptcy Code.

7. Defendant OMEGA DEVELOPMENT SECOND IRREVOCABLE BUSINESS TRUST ("*Omega Trust*") is a trust organized under the laws of the State of Nevada.

8. Defendant CENTENNIAL LAMB SECOND IRREVOCABLE BUSINESS TRUST I ("*Centennial I Trust*") is a trust organized under the laws of the State of Nevada.

9. Defendant CENTENNIAL LAMB SECOND IRREVOCABLE BUSINESS TRUST II ("*Centennial II Trust*") is a trust organized under the laws of the State of Nevada.

///

///

///

///

**FACTUAL ALLEGATIONS**

*General Background of Debtor*

10. Prior to filing for bankruptcy relief, the Debtor was in the business of soliciting small, private investors, typically individuals, to pool money in order to make large secured loans to commercial borrowers for the purchase of real estate.

11. Each investor in an Aspen loan would be named as a beneficiary of a single deed of trust.

12. Some of Debtor's loans had in excess of 100 investors named as distinct beneficiaries on a single deed of trust, meaning that an average investor owned less than 1% of the loan.

13. Over time, some loans foreclosed, resulting in an "REO" property. By operation of law, each individual's deed of trust beneficial interest transferred into a tenant-in-common ("*TIC*") ownership interest, in the same percentage. Through this process, each individual Aspen investor on a foreclosed loan ended up owning a small percentage of the deed.

14. For easier administration, Aspen encouraged many of these TIC investors to grant their fractional interests to a trust, either before or after foreclosure. Many did so.

15. Debtor would then enter into a servicing agreement with the trust, and act as servicing agent of the trust.

*Pahrump Loans*

16. In 2008, Debtor originated three loans, totaling in excess of $12 million, to acquire land in Pahrump, Nevada.

17. Specifically, these loans were secured by the following parcels: APN 44-511-18 and 445-511-20.

18. The loan went into default, and the loans foreclosed.

19. Debtor formed three trusts, one for each loan, and many of the loans' investors granted their interest to the trust created for their respective loan. These three trusts are the Omega Trust, Centennial I Trust, and Centennial II Trust (collectively, the "*Defendants*").

20. Debtor entered into servicing agreements with and performed such trust servicing functions for the Defendants.

21. As of the date of Debtor's bankruptcy filing, the Omega Trust owed Debtor a total of $2,273.13 in unpaid trust servicing fees.

22. As of the date of Debtor's bankruptcy filing, the Centennial I Trust owed Debtor a total of $8,586.86 in unpaid trust servicing fees.

23. As of the date of Debtor's bankruptcy filing, the Centennial II Trust owed Debtor a total of $2,210.60 in unpaid trust servicing fees.

24. The servicing agreements contained an express provision that Debtor would be entitled to recover all fees and costs owed to it upon the sale of the real property.

25. The servicing agreements also contained an express provision that entitled the prevailing party in any enforcement action to attorneys' fees and costs of suit.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

*[AGAINST ALL DEFENDANTS]*

26. The Trustee repeats and re-alleges all of the above allegations, and thereby incorporates the same as if set forth fully herein.

27. Prior to Debtor's bankruptcy, Debtor had valid trust servicing agreements with each of the Defendants.

28. As of the Debtor's petition date, the Omega Trust owed the Debtor $2,273.13 in unpaid trust servicing fees, pursuant to the servicing agreement.

29. As of the Debtor's petition date, the Centennial I Trust owed the Debtor $8,586.86 in unpaid trust servicing fees, pursuant to the servicing agreement.

30. As of the Debtor's petition date, the Centennial II Trust owed the Debtor $2,210.60 in unpaid trust servicing fees, pursuant to the servicing agreement.

-5-

31. By failing to pay the above amounts, the Defendants are in breach of their obligations to pay under the servicing agreements.

32. Upon filing for bankruptcy, these claims became property of the Debtor's bankruptcy estate.

33. As a direct and proximate result of the Defendants' breaches, the Trustee is entitled to an award for the unpaid trust servicing fees from each Defendant in the above amounts.

34. Furthermore, pursuant to the terms of the servicing agreement, the Trustee is entitled to an award of litigation costs, interest, and attorneys' fees for bringing this action.

### REQUESTED RELIEF

**WHEREFORE**, the Trustee prays for an order granting relief as follows:

a) Judgment against Defendant OMEGA DEVELOPMENT SECOND IRREVOCABLE BUSINESS TRUST in the amount of $2,273.13.

b) Judgment against Defendant CENTENNIAL LAMB SECOND IRREVOCABLE BUSINESS TRUST I in the amount of $8,586.86.

c) Judgment against Defendant CENTENNIAL LAMB SECOND IRREVOCABLE BUSINESS TRUST II in the amount of $2,210.60.

d) An award of attorney's fees and costs incurred, to be divided evenly between the Defendants.

DATED: March 11, 2014                **ATKINSON LAW ASSOCIATES P.C.**

By:     /s/ Robert Atkinson
ROBERT E. ATKINSON, ESQ.
Nevada Bar No. 9958
*Attorney for Joseph B. Atkins, Trustee*